UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ASHFORD APPLEWHITE,

                Plaintiff,

    -against-                            **COMPLAINT**

CITY OF NEW YORK, SHANTE TERRELL,
and JOHN and JANE DOES 1-6,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff Ashford Applewhite, his attorneys, the Lumer Law Group, as and for his Complaint, hereby allege as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

        1.      At all times hereinafter mentioned plaintiff Ashford Applewhite was an adult male and a resident of Kings County within the State of New York.

        2.      At all relevant times hereinafter mentioned, defendant City of New York (the "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including but not limited to, the New York City Police Department ("NYPD") and its employees and agents.

        3.      Defendant Shante Terrell was at all relevant times hereinafter employed by the City as a member of the NYPD as a detective, assigned Shield Number 4424, and is sued herein in Terrell's individual capacity.

        4.      At all times hereinafter mentioned, defendants John and Jane Does 1-6

are individuals employed by the City as members or employees of the DOC whose actual identities are presently not known to plaintiff. Each of the Doe defendants is sued herein in his or her individual capacity.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, which is the district where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

8. A Notice of Claim was timely served by the plaintiff upon the defendant City of New York.

9. The City of New York subsequently conducted an examination of the plaintiff pursuant to General Municipal Law §50-H.

10. At least thirty days have passed since plaintiff's service of his Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

11. Plaintiff has complied with all obligations, requirements, and conditions precedent to commencing an action against New York City under New York law.

**RELEVANT FACTS**

6. During the early morning hours on or about February 20, 2017, plaintiff was alone in his bedroom in the basement of a one-family home on East 57 Street in

Brooklyn, New York (the "premises").

7. At or about 6:00 a.m. members of the NYPD, including the individual defendants, forcibly broke into and entered the premises.

8. The defendants did not have consent to enter the premises and there were no exigent circumstances that would permit defendants to enter the premises.

9. Plaintiff has never been shown or provided with evidence that the defendants possessed a valid warrant that would otherwise authorize their entry into the premises.

10. The defendants entered plaintiff's bedroom, where plaintiff had been sleeping, and promptly seized him.

11. Plaintiff was detained in defendants' custody at the premises for a period of time, during which, upon information and belief, the premises were searched.

12. The defendants' search of plaintiff's room turned up prescription medication. Plaintiff explained to the defendants that the medication had been legally prescribed to him for a diagnosed condition, that he possessed legitimate presecriptions for the medication and had in the room the original bottles in which the pharmacy had dispensed his medication, and that there was nothing unlawful or illegal about his possession of this medication.

13. In fact, the bottles in which the medication had been dispensed to plaintiff were in the room and the defendants were well aware of this fact.

14. At no point did the defendants have probable cause to arrest plaintiff,

nor was there any reasonable basis to believe that such cause existed.

15. Notwithstanding the absence of probable cause to arrest plaintiff, the defendants proceeded to formally arrest him and transported plaintiff to a local area NYPD station house, where plaintiff was jailed for a period of hours.

16. Plaintiff was subsequently transported to Central Booking, where he was further imprisoned for a period of time.

17. While plaintiff was imprisoned by the defendants, Terrell and/or one or more of the Doe defendants completed arrest paperwork in which they falsely claimed that plaintiff unlawfully possessed medication containing amphetamine and dextroamphetamine.

18. Nowhere in their paperwork did defendants acknowledge that plaintiff's possession of these pills was pursuant to a lawful dispensation of the medication by a pharmacy. Instead,, the defendants crafted paperwork that stated, in sum and substance, that plaintiff's possession of this medication was unlawful. This claim was materially false, as the defendants must have known, in light of the evidence that plaintiff possessed this medication pursuant to a prescription.

19. Terrell and/or one or more of the Doe Defendants forwarded these false allegations to the Kings County District Attorney's Office ("KCDA") in order to justify plaintiff's arrest and persuade the KCDA to initiate plaintiff's criminal prosecution.

20. Defendants knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the plaintiff, was relying on the

truthfulness of their allegations.

21. These allegations were materially false, and the individual defendants knew them to be false at the time they were made.

22. The individual defendants made these fabricated, false, and otherwise misleading claims and accusations at the time of plaintiff's initial arrest and continuously throughout the course of plaintiff's criminal prosecution.

23. On February 20, 2017, plaintiff was arraigned under docket number 2017KN011040 and charged with one count each of criminal possession of a controlled substance in the fifth and seventh degree based on the alleged unlawful presence of 10mg and 20mg pills containing amphetamine and dextroamphetamine in his bedroom.

24. The KCDA unsuccessfully sought bail and the case was adjourned to April 18, 2017.

25. On April 18, 2017, the plaintiff was required to appear in criminal court, at which time the case was adjourned again to August 25, 2017.

26. On April 25, 2017, the court was informed, upon information and belief by the KCDA, that plaintiff lawfully possessed the pills pursuant to his prescription and the court dismissed the prosecution off-calendar.

27. At all times relevant herein, each of the individual defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983 Claims
Against the Individual Defendants)

28. Plaintiff repeats the above-stated allegations as though stated fully herein.

29. Defendants, individually and collectively, willfully and intentionally seized, arrested, and caused plaintiff to be imprisoned without probable cause, or any reasonable basis to believe probable cause existed.

30. To the extent that any of the individual defendants did not affirmatively participate in the seizure and arrest of plaintiff on February 20, 2017, each such defendant failed to intervene while their fellow officers engaged in this unconstitutional conduct, and therefore are as culpable for plaintiff's false arrest and detention as his or her fellow officers.

31. The individual defendants fabricated and withheld evidence, and misled prosecutors by failing to disclose the plaintiff's possession of a prescription for the medication and his possession of the bottles in which the medication was originally dispensed, in order to falsely suggest that plaintiff had no lawful right to possess the medication and to manufacture probable cause for the plaintiff's arrest and continued imprisonment.

32. To the extent that any of the individual defendants did not affirmatively participate in the communication of said fabrication, falsified, or otherwise materially inaccurate and/or misleading information to the KCDA, each such defendant was aware that this falsified narrative was going to be or had already been transmitted to prosecutors, and

failed to intervene in the continued seizure and prosecution of plaintiff while their fellow officers engaged in this unconstitutional conduct, and therefore are as culpable for plaintiff's malicious prosecution and denial of a fair trial as his or her fellow officers.

33. By so doing, the individual defendants, individually and collectively, subjected plaintiff to (i) false arrest and imprisonment; (ii) denial of due process and the right to a fair trial, and (iii) malicious prosecution; thereby violating, or at least aiding and abetting in the violation of, plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

34. To the extent that any of the individual defendants did not directly engage in this unconstitutional conduct, such defendant officer was aware of such conduct by his/her fellow officers but consciously abjectly failed to intervene or otherwise put a stop to the aforementioned misconduct and violation of plaintiff's constitutional rights, by remaining silent or otherwise deliberately choosing not to take any meaningful steps to correct his fellow officers' misconduct, despite an ample opportunity to do so..

35. By reason thereof, the individual defendants have violated 42 U.S.C. § 1983 and caused plaintiff to suffer an array of injuries, including emotional and physical injuries, mental anguish, the deprivation of his liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

(State Law Claim Against All Defendants for False Imprisonment)

36. Plaintiff repeats the allegations contained in the preceding paragraphs

as though stated fully herein.

37. Plaintiff was subjected to false arrest and false imprisonment when he was intentionally, willfully, maliciously, and/or with reckless disregard, seized, searched, and arrested without probable cause by members of the NYPD, by or on behalf of the individual defendants.

38. Plaintiff was subjected to the denial of due process and his right to a fair trial and malicious prosecution when he was prosecuted without probable cause on the basis of defendants' deliberately falsified and misleading statements to prosecutors.

39. The City of New York, is vicariously liable to plaintiff for the acts of the individual defendants who were at all relevant times acting within the scope of their employment as subordinate officers and agents of the municipal defendant.

40. Therefore, the individual defendants and City of New York are liable to plaintiff under state law, for (i) false arrest and imprisonment, (ii) denial of a fair trial, and (iii) malicious prosecution under New York law.

41. By reason thereof, defendants have caused plaintiff to suffer an array of injuries, including emotional and physical injuries, mental anguish, the deprivation of his liberty, and the loss of his constitutional rights. the deprivation of liberty, and emotional injuries and mental anguish.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. actual and punitive damages against each of the individual defendants in an amount to be determined at trial;

ii. actual damages against the municipal defendant in an amount to be determined at trial;

iii. statutory attorney's fees pursuant to 42 U.S.C. §1988, disbursements, and costs of this action; and

iv. such other relief as the Court deems just and proper.

Dated: New York, New York
May 20, 2018

> LUMER LAW GROUP
> Attorneys for Plaintiff
> 225 Broadway, Suite 2700
> New York, New York 10007
> (212) 566-5060
>
> By: _/s/ Michael B. Lumer_
> Michael B. Lumer (ML-1947)